**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**VS.**                    **CASE NO.  4:09CR00193 JMM**

**ROBERT MURTIFF**                                                          **DEFENDANT**

**ORDER**

Defendant was indicted on July 8, 2009.  The Court filed its Pretrial Discovery Order on July 21, 2009, in which it addressed Federal Rule of Criminal Procedure 16, Federal Rule of Criminal Procedure 404(b), *Brady, Giglio,* and *Jencks Act* motions, the preservation of field notes, newly discovered information, non-compliance issue, pretrial motions, and motions to suppress.

On July 30, 2009, the defendant filed a Motion for Early Disclosure of *Jencks Act* material, a Motion for Preservation and Production of Rough Notes, a Motion to Discover Criminal Records of Witnesses, a Motion for Discovery, a Motion for Equal Access to Government Information-Witness For Interview, and a Motion to Discover all Relevant Sentencing Guideline Information.

With the exception of the Motion to Discover all Relevant Sentencing Guideline Information and the Motion for Equal Access to Government Information - Witness For Interview, defendant's motions are dismissed as moot based upon the Court's Order of July 21, 2009 (#7, #9, #10, #11).

The portion of defendant's Motion to Discover All Relevant Sentencing Guideline Information which would be covered under Rule 16 is also denied as moot based upon the July 21, 2009 Order (#12). The portion of the motion which does not address Rule 16 information, is denied as the government is not required to furnish that information to defendant (#12).

Defendant's Motion for Equal Access to Government Information - Witness For Interview is denied as defendant has failed to present any evidence that the government has denied him access to a witness and the government does not have the authority to force witnesses to speak with defendant or his counsel before trial (#8). *See United States v. New*, 491 F.3d 369, 376 (8th Cir. 2007) ("The *Jencks Act* requires the district court, on the motion of a defendant, to produce any "statements" of a government witness that relate to the subject matter of the witness's testimony, after the witness has testified on direct examination. 18 U.S.C. § 3500(b)"; *United States v. Youngman*, 481 F.3d 1015, 1017 (8th Cir. 2007) (trial judge has discretion to compel a witness's presence at trial for adequate defense; defendant bears burden of demonstrating testimony is both material and favorable to defense).

The denial of these motions is without prejudice should the government fail to provide the required information as set forth in the Court's July 21, 2009 Pretrial Order for Criminal Cases.

IT IS SO ORDERED THIS  10  day of  August , 2009.

/s/ James M. Moody
James M. Moody
United States District Judge