**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

vs.                          **4:09CR00193-01-WRW**

**ROBERT MURTIFF**

## ORDER

Pending is Defendant's Motion in Limine to Exclude Privileged Statements (Doc. No. 30.) The Prosecution has responded.[1] For the reasons set out below, Defendant's Motion is GRANTED.

Defendant was charged in a two-count indictment with transporting and possessing visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct.[2] This case is scheduled to be tried to a jury on June 2, 2010.

The Prosecution intends to call Defendant's ex-wife as a witness at trial.[3] In his Motion, Defendant invoked the confidential marital communication privilege to exclude confidential communications made between Defendant and his then wife, including, but not limited to, her allegation that Defendant told her that he downloaded the visual depictions at issue and their later discussions about those materials.[4]

---

[1] Doc. No. 31.

[2] Doc. No. 1.

[3] Doc. Nos. 30, 31.

[4] Doc. No. 30.

The Prosecution, in light of Defendant's motion, stated that it "will not illicit any information from the witness regarding the communications she had with the Defendant after the execution of the search warrant at their home."[5]

The Prosecution stated that Defendant's ex-wife has agreed to testify about who had access to the computers in question, her knowledge of the program used to download and receive the visual depictions, and other non-confidential information. The Prosecution points out that testimony on these issues is admissible under the adverse spousal testimony privilege, and that under the adverse spousal testimony privilege, the witness spouse determines whether she will testify.[6] The Prosecution stated that it will counsel the witness that she is not allowed to testify about any incriminating statements by Defendant that would violate the confidential marital communications privilege.[7]

Defendant's Motion in Limine (Doc. No. 30) is GRANTED. If the Prosecution calls Defendant's ex-wife as a witness, the Prosecution is directed to limit any testimony to non-privileged information.

IT IS SO ORDERED this 13th day of May, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5] Doc. No. 31.

[6] *Id.*

[7] *Id.*